IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICKIE R. THOMPSON, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. H-18-4240 |
| § | |
| SHARMA SHARAD, M.D., *ET AL.*, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against University of Texas Medical Branch ("UTMB") John Sealy Hospital and Sharma Sharad, M.D., for negligence, malpractice, and lack of informed consent regarding an unsuccessful surgical procedure.

Because plaintiff raises no viable claim for which section 1983 relief can be granted, this lawsuit is DISMISSED WITH PREJUDICE.

### *Background and Claims*

Plaintiff states that, on March 30, 2018, he was admitted to UTMB John Sealy Hospital for experimental wrist surgery performed by Sharma Sharad, M.D. He claims that the surgery was unsuccessful, and that a second surgery will be needed. Plaintiff alleges that the hospital was negligent in not adequately explaining the success and failure of the experimental surgical procedure, and that Sharad "seemed very nervous after the

procedure." (Docket Entry No. 1, p. 4.) He seeks $1.3 million in monetary compensation for the defendants' negligence, malpractice, and failure to inform.

## *Analysis*

*Section 1915 Standards*

A federal court has authority to dismiss a complaint in which a plaintiff is proceeding *in forma pauperis* before service if the court determines that it is frivolous, fails to state a claim, or is barred by immunity. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

*Eleventh Amendment Immunity*

Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his own state, including a state agency. *See Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002). In this case, the Eleventh Amendment bars plaintiff's lawsuit for damages against UTMB John Sealy Hospital as a state agency under 42 U.S.C. § 1983. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

The Eleventh Amendment also bars a suit for damages against UTMB John Sealy Hospital employees in their official capacity. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir.

2

1998). To the extent plaintiff seeks damages from Sharad in his official capacity as an employee of UTMB John Sealy Hospital, those claims also must be dismissed as barred by the Eleventh Amendment.

For these reasons, plaintiff's claims for monetary damages against UTMB John Sealy Hospital and against Sharad in his official capacity as an employee of UTMB John Sealy Hospital are DISMISSED WITH PREJUDICE.

*Section 1983 Claims*

Plaintiff's claims against defendant Sharad in his individual capacity fare no better. Plaintiff complains that Sharad was negligent and committed malpractice because the surgery was not successful, necessitating a second surgery. Plaintiff also raises a claim for lack of informed consent in that he was not informed of the successes and failures of the experimental surgery.

Claims of medical negligence, malpractice, and unsuccessful treatment are not constitutional claims cognizable under 42 U.S.C. § 1983. *See Zaunbrecher v. Gaudin*, 641 F. App'x 340 (5th Cir. 2016); *see also Domino v. Texas Dep't Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (holding that incorrect diagnoses, unsuccessful treatments, medical malpractice, acts of negligence, and delays in treatment, absent intent to cause harm, do not constitute deliberate indifference); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (recognizing that active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered). Thus, to the extent plaintiff is asserting federal civil rights claims against

3

Sharad premised on medical negligence, malpractice, or unsuccessful surgery, he does not state a claim for which relief may be granted under section 1983. Further, the issue of lack of informed consent arises under state law, not federal constitutional or statutory law, and does not state a viable section 1983 claim for relief. *See* TEX. CIV. PRAC. & REM. CODE § 74.101; *Hollis v. United States*, 323 F.3d 330, 335 (5th Cir. 2003).

To raise a viable Eighth Amendment claim for relief in context of medical care, a prisoner must demonstrate that the defendants were deliberately indifferent to his serious medical needs. The deliberate indifference standard sets a very high bar: plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756. Plaintiff raises no such claims and pleads no such allegations, as his lawsuit is clearly grounded in state law negligence, malpractice, and lack of informed consent.

In absence of factual allegations demonstrating that Sharad violated plaintiff's constitutional or federal statutory rights, no viable claim for relief under section 1983 has been raised against Sharad in his individual capacity. Plaintiff's claims against Sharad are DISMISSED WITH PREJUDICE for failure to state a viable section 1983 claim.

*State Law Claims*

Plaintiff's claims in this lawsuit for negligence, malpractice, and lack of informed consent arise under state law. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental or pendant jurisdiction over a state law claim when it has

dismissed all claims over which it has original jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining that the rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed").

Because the Court has dismissed plaintiff's federal section 1983 claims, it declines to exercise supplemental or pendant jurisdiction over plaintiff's state law claims.

### *Conclusion*

This lawsuit is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b) as frivolous, for failure to state a viable section 1983 claim, and/or as barred by immunity. Any and all pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk of Court is directed to provide a copy of this order by regular mail or e-mail to plaintiff; the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas on November 13, 2018.

Gray H. Miller
United States District Judge

5